UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TARA GREGORY WINK | CIVIL ACTION NO. 12-2897 |
| VERSUS | JUDGE ROBERT G. JAMES |
| C. ROBERT HENRIKSON AND DAVID E. SMITH | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Defendant David E. Smith's ("Smith") Motion for Summary Judgment [Doc. No. 4] and Defendant C. Robert Henrikson's ("Henrikson") Motion to Dismiss for Lack of Jurisdiction and Insufficient Process and Insufficiency of Service of Process ("Motion to Dismiss") [Doc. No. 8]. Plaintiff Tara Gregory Wink ("Wink") has filed no opposition to Smith's Motion for Summary Judgment, but she has filed an Opposition to Henrikson's Motion to Dismiss [Doc. No. 17].

For the following reasons, the action is REMANDED to the Fourth Judicial District Court, Ouachita Parish, because this Court lacks subject matter jurisdiction. The Motion for Summary Judgment and Motion to Dismiss are DENIED AS MOOT.

I.  FACTS AND PROCEDURAL HISTORY

This suit arises from a dispute involving a life insurance policy ("the Policy") issued to A.J. Wink ("Mr. Wink"), Plaintiff's now deceased husband, by Metropolitan Life Insurance Company ("MetLife"). It is the second of two suits filed by Plaintiff for damages allegedly sustained in connection with the Policy. In the first suit, captioned "Tara Gregory Wink v. Metropolitan Life Insurance Company," Civil Action No. 11-0819, Plaintiff sued MetLife for $125,000 in death benefits under the Policy.

On February 21, 2012, this Court rendered a judgment in that action, denying Plaintiff's Motion for Summary Judgment and granting MetLife's Motion for Summary Judgment. The Court found that the "plain terms of the Original Group Policy prohibit Mr. Wink from exercising both the Portability Option and the Conversion Option," and since "Mr. Wink exercised his Portability Option under the Original Group Policy, the plain terms of the Original Group Policy prohibit Mr. Wink from subsequently exercising the Conversion Option and receiving the Individual Policy." [11-CV-0819, Doc. No. 21, p. 7.]

This suit was filed by Plaintiff on October 18, 2012, and removed to this Court on November 14, 2012 [Doc. No. 1]. MetLife is not a party to this suit. Instead, Plaintiff has named two individual MetLife employees as defendants. Defendant Smith is identified as the individual who sold the Policy to Mr. Wink. Plaintiff alleges that Smith was negligent in handling the Policy and misrepresented pertinent facts about the Policy. Henrikson is identified as an individual who "made written statements to [Mr. Wink] promising . . . that [he] had successfully and completely enrolled in the life insurance plan." Plaintiff alleges she and her husband relied on Defendants' misrepresentations to their detriment. Plaintiff's second suit fails to acknowledge the first suit, but a review of both Petitions shows that Plaintiff raised largely the same allegations. In this suit, Plaintiff has sued Defendants for damages sustained due to MetLife's failure to pay death benefits under the Policy. Plaintiff alleges that Mr. Wink applied for a whole life policy through MetLife and was approved for a policy with a face value of $125,000. Plaintiff alleges that an enrollment letter confirmed purchase of the Policy on September 27, 2010, and the Policy became effective October 2, 2010. Plaintiff further alleges that all premiums were timely paid until Mr. Wink's death on December 24, 2010. Plaintiff then submitted a claim to MetLife, but MetLife rescinded the policy,

2

refunded the paid premiums, and declined to pay the claim. Plaintiff seeks damages, plus attorney's fees and interest.

On December 6, 2012, Smith filed a Motion for Summary Judgment [Doc. No. 4], which Plaintiff failed to oppose. On February 6, 2013, Henrikson filed a Motion to Dismiss [Doc. No. 8]. Plaintiff filed an opposition on March 4, 2013 [Doc. No. 17].

This matter is before the Court on the basis of diversity jurisdiction. Plaintiff originally filed suit in the Fourth Judicial District for Ouachita Parish. Smith removed the case to this Court. Plaintiff and Smith are citizens of Louisiana, while Henrikson is a citizen of New York. Despite being non-diverse from Plaintiff, Smith asserts diversity jurisdiction, alleging that he was improperly joined in this action, and, therefore, his citizenship should not be considered. Because Plaintiff is diverse from Henrikson and because the amount in controversy exceeds $75,000, Smith argues the requirements of diversity jurisdiction are met and the action is properly before this Court.

Prior to considering Defendants' Motions, the Court must first assess subject matter jurisdiction.

## II. SUBJECT MATTER JURISDICTION

### A. Diversity Jurisdiction

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Bell v. Texaco, Inc.*, 2012 WL 4842646, at *2 (5th Cir. Oct. 12, 2012). One such basis for original jurisdiction is diversity jursidiction. *Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 318 (5th Cir. 2012). Diversity jurisdiction exists when: (1) there is diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a); *In re 1994 Exxon*

*Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *Lonestar OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quotations omitted)).

The district courts of the United States are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2616-17 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from a party. *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

### B.     Improper Joinder

Smith contends that diversity jurisdiction exists because he has been improperly joined to this action. Thus, the first question is whether Smith has been improperly joined. The party "seeking removal bears a heavy burden proving that joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

Only the second way is before the Court, and that test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

However, remand may still be appropriate even if there is no possibility of recovery against a in-state defendant. The *Smallwood* court held that "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder." 385 F.3d at 571. The court reasoned that "[i]n such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case . . . ." *Id.* at 574. Thus, "there is no improper joinder; there is only a lawsuit lacking merit." *Id.*

In *Smallwood*, the plaintiff, a Mississippi resident, was injured when her car was struck at a railroad crossing in Mississippi by a train operated by the Illinois Central Railroad Company ("Illinois Central"), an Illinois corporation. 385 F.3d at 571-72. The railroad crossing was maintained by the Mississippi Department of Transportation ("MDOT") with equipment it had purchased using federal funds. *Id.* Smallwood brought suit against both Illinois Central and the MDOT in Mississippi state court, asserting only state law causes of action. *Id.* Illinois Central removed the case to federal court where it argued that Smallwood's negligence claims against the MDOT were preempted by the Federal Railroad Safety Act, 49 U.S.C. § 20101, *et seq.*, and, accordingly, the MDOT had been improperly joined. The district court agreed and denied remand because there was no reason to believe that Smallwood could recover against the non-diverse MDOT. *Smallwood v. Ill. Cent. R.R. Co.*, 203 F.Supp. 2d 686, 693-94 (S.D. Miss. 2002). Then,

applying the law of the case doctrine, the district court granted summary judgment to Illinois Central on precisely the same preemption ground. *Smallwood v. Ill. Cent. R.R. Co.*, 2002 U.S. Dist. LEXIS 27674, *13-17 (S.D. Miss. August 13, 2002). On appeal, the Fifth Circuit reversed and remanded, concluding there had been no improper joinder because the same preemption grounds applied to the claims against the diverse and non-diverse defendants. *Smallwood*, 385 F.3d at 371; s*ee also Boone v. Citigroup, Inc.*, 416 F.3d 382, 389 (5th Cir. 2005).

Here, Plaintiff asserts two claims against both Defendants: detrimental reliance and misrepresentation. Plaintiff alleges that Smith "sold the policy" to Mr. Wink and was "negligent in his handling of the policy, misrepresenting pertinent facts." (Doc. No. 1, p. 12.) Plaintiff alleges that Henrikson "made written statements" to Plaintiff and Mr. Wink that they "had successfully and completely enrolled" in the Policy.

Louisiana Revised Statute § 9:5606 requires that suits arising out of the actions of insurance agents, broker, solicitor, or other similar licensee, whether based in tort or contract, be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission or neglect is discovered."

The Louisiana Insurance Code defines an "Insurance agent" as "a person appointed in writing by an insurer to solicit applications for a policy of insurance on its behalf. A person not duly licensed as an agent, insurance broker, or surplus lines broker, who solicits a policy of insurance on behalf of the insurer, shall be an insurance agent within the definition herein . . . ." LA. REV. STAT. § 22:1112(1).

The Code further defines an "Insurance broker" as "any person who, for compensation, acts or aids in any manner in negotiating contracts for insurance or placing risks or effecting insurance

6

for a party other than himself or itself. A person not duly licensed as an insurance broker or surplus broker who solicits a policy of insurance on behalf of others or transmits for others an application for a policy of insurance to or from an insurance company, or offers or assumes to act in the negotiations of such insurance, shall be an insurance broker within the definition herein." LA. REV. STAT. § 22:1112(2).

The Code's definitions are broad and encompass both Defendants. Smith's job title is, in fact, Insurance Agent. Henrikson is President and CEO of MetLife. His job duties have not been identified by the parties, but his actions likely bring him within the scope of LA. REV. STAT. § 9:5606. He is the president and CEO of a major insurance company, and a letter with his signature confirmed Mr. Wink's purchase of the Policy. The Court is aware of no cases in Louisiana or the Fifth Circuit holding that an insurance company's officer did not fall within the definition of LA. REV. STAT. § 9:5606.

Thus, under the plain terms of the statute, Plaintiff must have filed her action within one year of the date the alleged act, omission, or neglect occurred, was discovered, or should have been discovered. And Louisiana courts have held that the peremptive periods under LA. REV. STAT. § 9:5606 begin to run from the date of purchase of the insurance policy. *See Voitier v. Stanford*, 2012 WL 3526971, at *4 (W.D. La. May 10, 2012); *Calvin v. Janbar Enterprises, Inc.*, 2003-0382 (La. App. 4 Cir. 9/24/03); 856 So.2d 88; *Whitfield v. Alpha Ins. LLC*, 280 Fed. Appx. 363, 365 (5th Cir. 2008). Because Plaintiff filed this suit on October 18, 2012, the act, omission, or neglect must have occurred, been discovered, or should have been discovered no later than October 19, 2011. However, Plaintiff does not point to any such date, nor could she. Mr. Wink purchased the Policy on September 27, 2010, and it went into effect on October 2, 2010. Mr. Wink then died on

December 24, 2010. MetLife denied Plaintiff's claim under the Policy twice, once on April 6, 2011, and again on July 6, 2011. Plaintiff filed the first suit against MetLife on May 4, 2011. Thus, all of these events occurred beyond the one-year peremptive/prescriptive[1] period. Therefore, Plaintiff's claims against Defendants were perempted before she filed suit, and any rights she had against Smith and Henrikson[2], in tort or in contract, had been extinguished prior to that date. *Chagnard v. Cambre*, 2007 WL 2229296 (E.D. La. Aug. 1, 2007).

Because peremption under LA. REV. STAT. § 9:5606 applies to the claims against both Defendants, Smith, the nondiverse defendant, was not improperly joined. Instead, Plaintiff merely filed an action lacking merit as to all parties. Thus, *Smallwood* compels the conclusion that this Court lacks subject matter jurisdiction over this action, and it must be remanded to the state court.

---

[1] It is not necessary to the resolution of this issue to distinguish between prescription and peremption under LA. R.S. § 9:5606.

[2] Henrikson does not contend that the claims against him are perempted by LA. REV. STAT. § 9:5606. Instead, he has filed a Motion to Dismiss on the basis of lack of jurisdiction and insufficient service of process [Doc. No. 8]. However, defendants need not actually assert a common defense for *Smallwood* to govern the case. *See Rainwater v. Lamar Life Ins. Co.*, 381 F. Supp. 2d 581 (S.D. Miss. 2005). It is sufficient if the defendants merely have the ability to assert a common defense that would dispose of all claims equally.

IV. CONCLUSION

For the foregoing reasons, the action is REMANDED to the Fourth Judicial District Court, Ouachita Parish, because this Court lacks subject matter jurisdiction. The Motion for Summary Judgment filed by Defendant Smith [Doc. No. 4] and the Motion to Dismiss filed by Defendant Henrikson [Doc. No. 8] are DENIED AS MOOT.

MONROE, LOUISIANA, this 8th day of March, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE